U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED   SEP 2 6 2006

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CLAIRE BROU, et al.,

                Plaintiffs,

      v.

FEDERAL EMERGENCY MANAGEMENT
AGENCY, et al.,

                Defendants.

Case No.: 06-0838

JUDGE DUVAL

MAGISTRATE JUDGE
KNOWLES

## FINAL JUDGMENT APPROVING SETTLEMENT AGREEMENT

Following this Court's order preliminarily approving the proposed Settlement Agreement and certifying this action as a class action for settlement purposes, the parties disseminated a Notice of Proposed Settlement and Fairness Hearing to the plaintiff class. After consideration of the written submissions of the parties, the proposed Settlement Agreement between the parties, all objections to the Settlement Agreement, all filings in support of the Settlement Agreement, and the presentations at the hearing held by the Court to consider the fairness of the Settlement Agreement, the Court hereby Orders, Adjudges, and Decrees that:

    1.    The Settlement Agreement between plaintiffs and defendants, which is attached hereto, is finally approved as fair, reasonable, and adequate.

    2.    Except as provided in paragraph 3 of this Order, Plaintiffs' Claims in this action are hereby dismissed with prejudice.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

3.      The Court shall retain jurisdiction to enforce compliance with the terms and

conditions of the Settlement Agreement, as specified in paragraph 13 of such Agreement, and to

hear and determine claims for additional relief filed upon behalf of individual Class Members

pursuant to paragraph 14 of the Agreement.  The Court's jurisdiction under this paragraph shall

terminate at such time as the Parties file a final report as specified in paragraph 21 of the

Agreement.

Dated: _September 6_ , 2006

_____
HONORABLE STANWOOD R. DUVAL, JR.
United States District Judge

**ATTACHMENT E**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CLAIRE BROU, et al.,                     )
                                         )
                                         )
                        Plaintiffs,      )      Case No.: 06-0838
          v.                             )
                                         )      JUDGE DUVAL
                                         )
FEDERAL EMERGENCY MANAGEMENT             )
AGENCY, et al.,                          )      MAGISTRATE JUDGE
                                         )      KNOWLES
                        Defendants.      )
                                         )

## PRIVACY ACT PROTECTIVE ORDER

Upon the joint motion of the Parties in the above-captioned matter, and pursuant to the

provisions of Section 3(b)(11) of the Privacy Act of 1974, 5 U.S.C. § 552a(b)(11),

IT IS HEREBY ORDERED that Defendants are authorized to release the records

described in paragraphs 6.D. and 9.A. of the Settlement Agreement between the Parties to the

attorneys designated by the Court as Class Counsel, without obtaining the prior written consent of

the individuals to whom such records or information pertain.  Such disclosure is subject to the

following conditions:

1.      For purposes of this Order, the term "record" shall have the same meaning as set

forth in the Privacy Act, 5 U.S.C. § 552a(a)(4).  This Order applies to documents or information

contained in records that are subject to the Privacy Act only and does not create greater or lesser

rights or obligations than those contained in the Privacy Act.  Document summaries, statistical

compilations, or other summary records which do not contain information by which to identify

specific individuals (whether by name, social security number, symbol or other form of personal

identification), and which are not thereby subject to the Privacy Act, are not covered by this Order.

2.	Records that identify specific individuals shall be marked "PRODUCED SUBJECT
TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE ORDER" or contain a similar
marking, and may be used only for purposes of this litigation. For any records, such as computer
data, whose medium makes such stamping impracticable, the diskette case and/or accompanying
cover letter shall be marked "PRODUCED SUBJECT TO PROTECTIVE ORDER" or
"SUBJECT TO PROTECTIVE ORDER" or contain a similar marking. Answers to
interrogatories, if any, that contain protected information derived from records subject to the
Privacy Act also shall be marked "PRODUCED SUBJECT TO PROTECTIVE ORDER" or
"SUBJECT TO PROTECTIVE ORDER" or contain a similar marking, and may be used only for
purposes of this litigation. Except as provided herein, no person having access to records
designated as subject to this Order or the information therein shall make public disclosure of those
records or that information without further Order of the Court.

3.	Class Counsel may disclose records subject to the requirements of this Order only
to the Court, the attorneys of record for the Parties, persons regularly in the employ of such
attorneys who have a need for the information in the performance of their duties, experts or other
retained consultants, the individual(s) to whom the record pertains, and fact witnesses for the
Parties who have a need for the information for the purposes of this litigation. Such disclosure
shall in all cases be made only for the purposes of the pending litigation.

4.	Any person listed in paragraph 3 (except the Court and Defendants' employees and
Defendants' counsel) who has a need to review records subject to this Order must sign the
Acknowledgment of Privacy Act Protective Order attached hereto before the records may be
disclosed to that person by Class Counsel.

5.      Should Class Counsel wish to disclose records or information which are subject to this Order to any additional persons except those indicated in paragraph 3, Class Counsel will first seek the Defendants' consent.  If Defendants do not consent to disclosure, then Plaintiffs or their counsel may, on motion, seek modification of this Order from the Court.

6.      All individuals to whom records which are subject to this Order are disclosed by Class Counsel shall return any and all records and copies thereof in their possession to Class Counsel before termination of this litigation, or when they are no longer a party to or assigned or retained to work on this case, whichever comes earlier.

7.      Records designated as subject to this Order and all copies thereof must be returned to the Federal Emergency Management Agency and/or its counsel or destroyed within 30 days after the termination of this litigation, including any appeals.  Any document created by Class Counsel which contains or reflects information protected by the Privacy Act must be destroyed when this litigation is concluded.  Notwithstanding the preceding two sentences, Class Counsel may, upon certification to Defendants that the records are being maintained pursuant to this Protective Order, defer the return and/or destruction of any such documents for a period not to exceed six years after the termination of this litigation, including any appeals.  In the event that such certification is provided, Class Counsel must, at Defendants' counsel's request, inform Defendants of steps being taken to ensure compliance with this order.  Should Class Counsel elect to destroy rather than return the documents, Class Counsel shall within 45 days thereafter certify to Defendants' counsel that the documents have been destroyed.

8.      Nothing in this Protective Order affects the right of counsel to discuss with their clients any relevant information contained in records subject to this Protective Order.

9.     Those portions of any filings with the Court which contain information protected by

the Privacy Act shall be made under seal.

10.     This Order does not constitute a ruling on the question of whether any particular

record is properly discoverable or admissible, and does not constitute a ruling on any potential

objection to the discoverability of any record, other than objections based on the Privacy Act.

IT IS SO ORDERED.

DATED: _____, 2006

_____

UNITED STATES DISTRICT JUDGE

-4-

49/51

AGREED:


_Nell Hahn_

NELL HAHN
Director of Litigation and Systems Advocacy
Advocacy Center
600 Jefferson Street Suite 812
Lafayette LA 70501
Telephone:  (337) 237-7380
Facsimile:  (337) 237-0486
E-mail:  nhahn@advocacyla.org

Attorney for Plaintiffs


_Cary LaCheen by NH_

CARY LACHEEN
National Center for Law and Economic
Justice
275 Seventh Avenue, Suite 1506
New York, NY 10001-6708
Tel: (212) 633-6967
Fax: (212) 633-6371
E-mail: lacheen@nclej.org

Attorneys for Plaintiffs

Dated:  9/26/06

PETER KEISLER
Assistant Attorney General

JIM LETTEN
United States Attorney

GLENN K. SCHREIBER
Assistant United States Attorney

JOSEPH LOBUE
Assistant Director
Federal Programs Branch


_Diane Kelleher_

DIANE KELLEHER
Trial Attorney
Department of Justice
Civil Division, Room 7318
Post Office Box 883
Washington, D.C. 20044
Telephone:  (202) 514-4775
Facsimile:  (202) 616-8470
E-mail: Diane.Kelleher@usdoj.gov

Attorneys for Defendants

Dated: September 26, 2006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CLAIRE BROU, et al.,                    )
                                        )
                                        )
                        Plaintiffs,     )      Case No.: 06-0838
                                        )
          v.                            )
                                        )      JUDGE DUVAL
FEDERAL EMERGENCY MANAGEMENT            )
AGENCY, et al.,                         )      MAGISTRATE JUDGE
                                        )      KNOWLES
                        Defendants.     )
                                        )

## ACKNOWLEDGMENT OF PRIVACY ACT PROTECTIVE ORDER

I, _____, hereby acknowledge that I have read and understand the Privacy Act Protective Order entered in this action. I hereby agree to be bound by the terms of the Order and to comply with each of its requirements, including the following:

1.      I agree that I will use records and information protected by the Order only for purposes of this case, including any appeals, and not for any other purpose of any kind.

2.      I agree that records and information and all copies thereof protected by the Order, will be returned to Class Counsel prior to the termination of this litigation, or when I am no longer assigned or retained to work on this case, whichever comes earlier so that the records and information may be returned to the Defendants or destroyed within 30 days after the termination of this litigation.

3.      I agree that any documents containing Privacy Act information will be destroyed when this litigation is concluded, and that Class Counsel will so certify to the Defendants.

4.      I agree that I will disclose records and information protected by the Order only to the Court, the attorneys of record for the Parties, persons regularly in the employ of such attorneys, and any experts or consultants hired for this case by the Parties or their attorneys, the individual(s) to whom the record pertains, and fact witnesses who (except the Court, Defendants'

employees and Defendants' counsel) have signed an acknowledgment like this one and have a need

for such information to perform duties specifically related to the conduct of this litigation.

5.     Should I wish to disclose the records which are subject to the Order to any

additional persons except those indicated in the Order and herein, I will first seek the Defendants'

consent.  If the Defendants do not consent to the disclosure, then I may, on motion, seek

modification of the Order from the Court.

6.     I agree that those portions of any filings with the Court which contain Privacy Act

materials shall be filed under seal.

7.     I hereby confirm that my duties under this Acknowledgment shall survive the

termination of this case and are binding upon me for all time.

8.     I hereby consent to the personal jurisdiction of the United States District Court for

the Eastern District of Louisiana in the above-captioned case for the purpose of enforcing the

aforementioned Order.


_____

[signature]


_____

[print name]


DATED: _____